EXHIBIT A

1

# UDALL|SHUMWAY
### COUNSELORS AT LAW SINCE 1965

2

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201

3

Telephone: 480.461.5300 | Fax:  480.833.9392

4

Bradley D. Gardner (SBN: 011211)

5

Justin M. Brandt (SBN: 031573)

bdg@udallshumway.com

6

jmb@udallshumway.com

7

docket@udallshumway.com

*Attorneys for Plaintiff*

8

COPY

JUN 0 7 2018

CHRIS DEROSE, CLERK
S. ALLEN
DEPUTY CLERK

9

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10

## IN AND FOR THE COUNTY OF MARICOPA

11

12

ALDEA MONTESSORI, INC., an
Arizona Corporation,

13

14

                     Plaintiff,

15

v.

16

EMPLOYERS PREFERRED

17

INSURANCE COMPANY, a Florida
Corporation, and NFP PROPERTY &

18

CASUALTY SERVICES, INC., an
Arizona Corporation,

19

20

                     Defendants.

21

Case No:

CV2018-092448

**COMPLAINT**

22

    Plaintiff Aldea Montessori, Inc. ("AMI"), comes now for its Complaint against

23

Defendants, and alleges as follows:

24

## I. THE PARTIES

25

26

    1.    Plaintiff AMI is and was at all relevant times an Arizona corporation duly

27

organized as a private school and transacting business in the State of Arizona.  AMI's

28

principal place of business is located in Phoenix, Arizona in the County of Maricopa.

2.      Defendant Employers Preferred Insurance Company ("EPIC") is and was at all relevant times a Florida corporation authorized to do, and doing, business in the State of Arizona, including selling insurance.

3.      Defendant NFP Property & Casualty Services, Inc, ("NFP") is and was at all relevant times an Arizona corporation authorized to do, and doing, business in the State of Arizona.

## II. NATURE OF THE ACTION SOUGHT

4.      This is a complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, reformation, negligence, and other claims arising out of the breach by one or more of the Defendants of their respective obligations to provide and maintain workers' compensation insurance coverage on behalf of AMI. That insurance coverage was purchased to defend and indemnify AMI against liability for work-related injuries alleged to have been caused by certain employment practices, acts, or failures to act on the part of AMI.

5.      AMI is an internationally accredited Montessori preschool and daycare committed to serving a wide diversity of children, both culturally and socioeconomically. AMI employs 10 full-time staff, in addition to management. AMI's staff is responsible for creating curriculums, teaching, educating parents, and supervising children.

6.      EPIC is an insurer that provides small businesses throughout the United States and Canada with workers' compensation insurance.

2

7.      NFP is an insurance broker and consultant that markets and provides various insurance related products.

8.      On March 30, 2017, Paje Fair, an employee of AMI (the "Employee"), was injured while on school property located at 15639 N. 40th Street, Phoenix, AZ 85032. Employee was injured when a wheelbarrow fell and cut Employee's right heel. The injury resulted in a trip to the Emergency Room and eventually required surgery.

9.      On or about April 3, 2017, when Employee's surgeon contacted EPIC (AMI's workers' compensation carrier) AMI was informed that its policy had been cancelled effective January 31, 2017, (unbeknownst to AMI).   AMI immediately contacted NFP (their insurance broker).  NFP advised AMI that they were not aware that the policy had been cancelled.   Both the NFP representative and the AMI representative called EPIC directly and both were told that the policy was cancelled for non-payment of premium.

10.     AMI states various causes of action for damages and seeks a judgment declaring the present and future rights, duties, and liabilities of the parties (under and/or in connection with the policy) regarding payments AMI may owe for reimbursement to the Arizona's Special Fund for workers' compensation benefits.  Among other things, AMI seeks a declaration that the terms of the subject policy obligate EPIC to defend and/or reimburse AMI's defense expenditures in the workers' compensation proceedings (the "Administrative Proceedings"), and further obligate Defendant to indemnify AMI against any liability that it may incur as a result of any payments made to Employee by the Special Fund. In the alternative, if the Court determines that the

3

1  subject policy does not provide full coverage for defense and indemnity under the
2
3  workers' compensation laws, then AMI seeks a reformation of the subject policy to
4  reflect a coverage date that will require EPIC to pay all claims associated with
5  Employee's injuries. As a further alternative, if the insurance policy procured from
6  EPIC does not provide full coverage for a defense and indemnity in the Administrative
7
   Proceedings, and if such policy is not reformed to reflect a date as specified above, then
8
9  AMI seeks a judgment that NFP (its insurance broker) is liable for breach of its
10 obligation to procure and maintain the coverage that AMI requested and understood it
11 had procured, and to take such other steps as were necessary to protect AMI's rights.
12
       11.    AMI further seeks a judgment declaring the present and future rights,
13
14 duties, and liabilities of itself and EPIC under and/or in connection with the subject
15 policy with respect to expenditures that AMI has made to conduct its defense and/or for
16 payment as part of any workers' compensation claim or any related Administrative
17 Proceedings.
18
19 **III.    FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**
20                      **A. The EPIC Policy**
21      12.    AMI had in full force and effect Policy No. EIG-2004593-03, issued by
22 Defendant EPIC for at least the policy period of September 1, 2016 to January 30, 2017
23 (hereinafter the "EPIC Policy").
24
25      13.    The EPIC Policy provides coverage for employer's liability insurance,
26 which applies to bodily injury by accident or bodily injury by disease, under the
27 following circumstances:
28

4

a.   The bodily injury must arise out of and in the course of the injured employee's employment;

b.   The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A of the Information Page;

c.   Bodily Injury by accident must occur during the policy period; and

d.   Bodily injury by disease must be caused or aggravated by the conditions of your employment.

14.   AMI has complied with all terms and conditions precedent in the EPIC Policy, including payment of undisputed premiums and notice. Accordingly, AMI is entitled to all benefits of insurance provided by the EPIC Policy.

### B.  Procurement of the EPIC Policy

15.   NFP was retained by AMI and its related corporate entities to assist with the placement of certain insurance policies and insurance coverage in North America. Prior to the placement of any such policies, NFP was advised that AMI required NFP's assistance and expertise, as well as confirmation that all necessary policies would be put in place and that AMI would be protected against risks including workers' compensation claims.

///

///

### C.  The Workers' Compensation Claim

16.   Employee sustained a tear to her Achilles' tendon, which required surgery and extensive therapy and follow up. Employee is still being treated for this injury as of

5

the date of this Complaint. AMI has been led to believe that this could continue indefinitely.

17. To date, Employee has received all of her salary, even when she was unable to work. The Industrial Commission has advised that under no circumstances can AMI stop paying her until the issue of responsibility is resolved.

18. Upon information and belief, AMI could potentially be liable for Employee's salary for the rest of her life should she be declared disabled by this injury. As such, if AMI is found liable, the cost to AMI could be substantial.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Defendant EPIC)

19. Plaintiff incorporates each and every allegation set forth above as though fully set forth herein.

20. Defendant EPIC has breached its duties under the EPIC Policy by refusing and failing to pay the workers' compensation claim due to AMI. EPIC is artificially and narrowly interpreting the EPIC Policy provisions to deny coverage. By asserting grounds for denial of coverage that it knows are not supported by, and are contrary to, the mutual intentions of the parties, the terms of the EPIC Policy, the law, insurance industry custom and practice, and the facts, and by otherwise acting as alleged above EPIC is prioritizing its own interests over the interests of AMI (EPIC's insured).

21. As a direct and proximate result of EPIC's breaches, AMI has been deprived of the benefits of the insurance coverage it purchased, and has sustained damages related to the workers' compensation claim and any related Administrative Proceeding in an amount not yet ascertained, but in excess of the jurisdictional

minimum of this Court. AMI will seek leave of this Court to amend this Complaint when the precise amount of damages is known.

### SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Defendant EPIC)**

22. Plaintiff incorporates each and every allegation set forth above as though fully set forth herein.

23. The following covenants were implied in the EPIC Policy: EPIC would act in good faith and deal fairly with its insured, that EPIC would do nothing to interfere with the rights of its insured to receive the benefits of the EPIC Policy, and that EPIC would give at least the same level of consideration to its insured's interests that it gives its own interests. Instead of complying with these duties, EPIC has acted in bad faith by:

    a.    Failing to state proper and adequate bases for denying coverage for the workers' compensation claim, instead asserting grounds for denying coverage contrary to the facts, the law, insurance industry custom and practice, and its insured's reasonable expectations;

    b.    Giving more weight to its own interests than it did to those of its insured by ignoring applicable law, unreasonably interpreting policy language in its favor, and refusing to pay or reimburse AMI for the costs and fees it incurred in its defense of the workers' compensation claim;

    c.    Failing to acknowledge coverage by refusing to pay AMI for its loss, without any reasonable or legitimate basis for doing so; and

7

d.     Otherwise acting as alleged herein.

24.     In breaching the implied covenant of good faith and fair dealing, EPIC did the things and committed the acts alleged herein for the purpose of consciously depriving AMI of the rights and benefits to which it was entitled under the EPIC Policy. EPIC did so without considering the interests of AMI at least to the same extent as it does its own interests.

25.     EPIC's acts are inconsistent with the reasonable expectations of its insured, are contrary to established claims, practices, legal requirements, and are contrary to the express terms of the EPIC Policy.  As such, EPIC's conduct constitutes bad faith.

26.     EPIC's conduct has been done with a conscious disregard of AMI's rights. Such conduct constitutes oppression, fraud, and/or malice, because EPIC engaged in a series of acts designed to deny the benefits due under the EPIC Policy.  By acting as alleged herein, EPIC consciously disregarded AMI's rights and forced AMI to incur substantial and oppressive financial losses, thereby inflicting substantial financial damage on AMI.  EPIC ignored its insured's interests and concerns with the requisite intent to injure within the meaning of relevant statutory provisions and applicable law.

27.     AMI is entitled to recover all reasonable attorneys' fees and expenses incurred pursuant to its efforts to obtain the policy benefits that EPIC has wrongfully withheld and continues to withhold in bad faith.  The amount of these attorneys' fees and expenses currently is unknown but is continuing.  AMI will seek to leave to amend

8

1   this complaint to allege the precise amount of these fees and costs when the amount is

2   known.

3

### THIRD CAUSE OF ACTION
**(Declaratory Relief Against Defendant EPIC)**

4

5

6        28.   Plaintiff incorporates each and every allegation set forth above as though

7   fully set forth herein.

8        29.   The parties dispute whether EPIC is liable for AMI's losses that occurred

9   as a result of EPIC's denial of insurance coverage. Therefore, an actual and justifiable

10   controversy exists between AMI and Defendant concerning the matters alleged herein.

11

12   This controversy has adverse legal interest of sufficient immediacy and reality to

13   warrant the issuance of a declaratory judgment.

14        30.   AMI seeks to resolve this controversy through a declaratory judgment that

15   provides a judicial declaration as to EPIC's duties, including, without limitation, the

16

17   duty to defend and indemnify AMI under the EPIC Policy. AMI requires a declaration

18   at this time, so that this dispute may be resolved, and that the parties may be aware of

19   their respective rights and obligations.

20   ///

21   ///

22

23   ///

24

### FOURTH CAUSE OF ACTION
**(Reformation Against Defendant EPIC)**

25

26        31.   Plaintiff incorporates each and every allegation set forth above as though

27   fully set forth herein.

28

9

32.   AMI always understood that its coverage would be in full force and effect, covering claims similar to those alleged by Employee.

33.   If the EPIC Policy does not provide coverage for Employee due to a lapse in insurance coverage, AMI is entitled to and hereby seeks reformation of the EPIC Policy to provide coverage effective September 1, 2016 through March 30, 2017.  AMI seeks reformation on one or more of the following grounds:

a.  Mutual mistake;

b.  Unilateral mistake; and/or

c.  Fraud or misrepresentation.

34.   Upon information and belief, the lack of coverage on March 30, 2017 resulted from a mutual mistake or from a unilateral mistake and/or from fraud or misrepresentation on the part of EPIC.

35.   AMI has no plain, speedy or adequate remedy at law.

36.   The parties are presumed to have intended to make contentious and equitable agreements.  If the EPIC Policy does not provide coverage during the relevant time period, then the EPIC Policy is clearly inequitable, entitling AMI to reformation as alleged herein.

///

///

## FIFTH CAUSE OF ACTION
### (Negligence Against Defendant NFP)

37.   Plaintiff incorporates each and every allegation set forth above as though fully set forth herein.

38.     As AMI's insurance broker, NFP had a duty to exercise reasonable care in procuring the proper insurance coverage for AMI and advising AMI accordingly.  If the EPIC Policy does not provide defense and/or indemnity against claims on March 30, 2017 (or earlier according to proof), NFP breached its duty to exercise due and reasonable care.  NFP breached this duty by failing to exercise reasonable care in procuring proper insurance coverage, while at the same time, failing to notify AMI of its failure to procure workers' compensation insurance coverage that was effective so as to prevent periods without adequate insurance coverage.

39.     As a direct and proximate cause of NFP's negligence, AMI has suffered damages and continues to sustain damages in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court.  AMI will seek leave of this Court to amend this complaint when the precise amount of damages is known.

### SIXTH CAUSE OF ACTION
**(Breach of Contract Against Defendant NFP)**

40.     Plaintiff incorporates each and every allegation set forth above as though fully set forth herein.

41.     As AMI's insurance broker, NFP contracted to exercise good faith and diligence in obtaining insurance coverage for AMI, including ensuring continuous insurance coverage for AMI as well as tending notice of all claims reported against AMI to AMI's insurance carrier.

42.     If EPIC successfully obtains a ruling or declaration that the EPIC Policy does not provide coverage for all liability resulting from the workers' compensation claim and any related Administrative Proceeding on the grounds that this claim

11

1  allegedly post-dated the EPIC Policy, NFP breached their respective contract with AMI
2  by failing to procure insurance coverage that was effective so as prevent periods without
3
4  adequate coverage for AMI.

5      43.    As a direct and proximate cause of NFP's contractual breaches, AMI has
6  suffered damages related to the workers' compensation claim and any related
7  Administrative Proceeding in an amount not yet ascertained, but in excess of the
8
9  jurisdictional minimum of this Court.  AMI will seek leave of this Court to amend this
10  complaint when the precise amount of damage is known.

11                        **SEVENTH CAUSE OF ACTION**
12              **(Negligent Misrepresentation Against Defendant NFP)**

13      44.    Plaintiff incorporates each and every allegation set forth above as though
14  fully set forth herein.

15      45.    NFP represented to AMI that they had procured workers' compensation
16
17  insurance coverage tailored to meet the precise needs of AMI.  NFP was aware that the
18  precise needs of AMI included providing workers' compensation insurance coverage for
19  all relevant time periods.

20      46.    If EPIC successfully obtains a ruling or declaration that the EPIC Policy
21
22  does not provide coverage for all liability resulting from the workers' compensation
23  claim and any related Administrative Proceeding on the grounds that this claim
24  allegedly post-dated the EPIC Policy, NFP falsely represented to AMI that it would
25  procure and had procured the requested workers' compensation insurance policy, with
26
27  coverage under a workers' compensation insurance policy with adequate coverage for
28  AMI.

                                    12

47.   As a direct and proximate cause of NFP's negligent misrepresentations, AMI has suffered damages related to the workers' compensation claim and any related Administrative Proceeding in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court.  AMI will seek leave of this Court to amend this complaint when the precise amount of damages is known.

## EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty Against Defendant NFP)

48.   Plaintiff incorporates each and every allegation set forth above as though fully set forth herein.

49.   NFP knew or should have known that AMI relied on and was dependent on its opinions and advice as to the course of action regarding the procurement of proper workers' compensation insurance coverage for AMI.  As AMI's insurance broker, NFP owed a fiduciary duty to AMI.  Indeed, NFP represented themselves as having expertise in procuring insurance coverage, and accepted fees for procuring the EPIC Policy.

50.   That fiduciary duty included, among other things, the duty to properly inform AMI of its rights and obligations under the EPIC Policy, to provide proper notice of all claims reported to NFP against AMI to AMI's insurance carrier EPIC, and to notify AMI if coverage was being terminated by EPIC.

51.   If EPIC successfully obtains a ruling or declaration that the EPIC Policy does not provide coverage for all liability resulting from the workers' compensation claim and any related Administrative Proceeding on the grounds that the claim allegedly post-dated the EPIC Policy, NFP breached its fiduciary duties by, among other things,

13

wrongfully representing to AMI that it would procure and had procured a workers' compensation insurance policy to protect AMI that was effective so as to prevent periods without adequate insurance coverage. Despite these representations, NFP did not procure such coverage, and failed to notify AMI that coverage was being terminated by EPIC.

52.     As a direct and proximate result of NFP breaching its fiduciary duties, AMI has suffered damages related to the workers' compensation claim and any related Administrative Proceeding in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court. AMI will seek leave of this Court to amend this complaint when the precise amount of damages is known.

**WHEREFORE**, Plaintiff prays for judgment as follows:

### On the First Cause of Action:

1.     For damages according to proof at the time of trial; and

2.     For interest according to law;

### On the Second Cause of Action

3.     For damages according to proof at the time of trial;

4.     For reasonable attorneys' fees and expenses incurred in obtaining the benefits due under the EPIC Policy; and

### On the Third Cause of Action:

5.     For judicial determination and declaration that the EPIC Policy provides coverage for the workers compensation claim and any Administrative Proceeding that has been or may be in the future filed by Employee;

14

**On the Fourth Cause of Action:**

6.      For reformation of the EPIC Policy to reflect the true intent of the parties that the EPIC Policy has an inception date effective September 1, 2016, or earlier in 2016, according to proof, through and including March 30, 2017, or such later date in 2017 to be determined according to proof;

**On the Fifth Cause of Action:**

7.      For damages according to proof at trial; and

8.      For interest according to law;

**On the Sixth Cause of Action:**

9.      For damages according to proof at trial; and

10.     For interest according to law;

**On the Seventh Cause of Action:**

11.     For damages according to proof at trial; and

12.     For interest according to law;

**On the Eighth Cause of Action:**

13.     For damages according to proof at trial; and

14.     For interest according to law;

**On the All Causes of Action:**

15.     For costs of suit including reasonable attorneys' fees under A.R.S. §12-341.01 as this dispute arises from an express and/or implied contract between the parties; and

16.     For such other and further relief as may be deemed just and proper.

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DATED:** June 7, 2018.

UDALL SHUMWAY PLC

By: _____
Bradley D. Gardner, Esq.
Justin M. Brandt
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
*Attorneys for Plaintiff*

5167545.1/116193.1

16